IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES BRIAN CLARK                                                                    PLAINTIFF

V.                                         CASE NO. 3:20-CV-03074

TONY ROGERS, Carroll County
Prosecuting Attorney; and
TONY PIRANI, Public Defender                                                     DEFENDANTS

**OPINION AND ORDER**

James Brian Clark, currently an inmate of the Carroll County Detention Center ("CCDC"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. Clark proceeds *in forma pauperis* ("IFP"). The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.  BACKGROUND**

Clark has named as Defendants Tony Rogers, a prosecuting attorney for Carroll County, Arkansas, and Tony Pirani, his public defender.[1] According to the allegations of the Complaint, Clark has been incarcerated in the CCDC awaiting trial since September 1, 2019. (Doc. 1 at 3). He contends he is being denied a fair and fast trial. *Id.* He also alleges that on August 20, 2020, Tony Pirani filed a motion for a mental evaluation. As relief, Clark seeks compensatory and punitive damages.

---

[1] Clark previously filed a case against these Defendants, among others, in *Clark v. Allen, et al.*, Civil No. 3:20-CV-03062. The case was dismissed at the screening stage on October 9, 2020. (Doc. 6).

1

## II. LEGAL STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

### III. DISCUSSION

Clark's claims against Prosecutor Tony Rogers must be dismissed because prosecutors are immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id*. at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity). Clark has failed to allege Prosecutor Rogers engaged in any conduct other than actions taken in connection with his duties as a prosecuting attorney. Accordingly, Prosecutor Rogers is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (county prosecutors entitled to absolute immunity from suit).

Public defender Tony Pirani represents Clark in his pending criminal proceeding. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Public defenders do not act under color of state law while representing an individual in his criminal proceedings. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981) ("Neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Therefore, Tony Pirani is not subject to suit under § 1983. No

cognizable claim is stated against him.

## IV. CONCLUSION

For the foregoing reasons, Clark's claims against Defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g).  The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED** on this 17th day of December, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE